FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND WETMORE-TINNEY, | No. 2:25-CV-00037-SAB |
| Petitioner, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| CHIEF HOOPER (Spokane County Jail), JOHN DOE (Asotin County Jail), and JOHN DOE (Washington Dept of Corrections), | |
| Respondents. | |

Before the Court is Petitioner Raymond Wetmore-Tinney's *pro se* Motion for Reconsideration. ECF No. 17. The motion was heard without oral argument. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

Petitioner commenced this habeas action while incarcerated at the Asotin County Jail. ECF No. 1. He was then transferred to the custody of the Washington State Department of Corrections and subsequently released. ECF Nos. 9 and 15. Petitioner has paid the $5.00 filing fee. Respondents have not been served.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.

**ORDER DENYING MOTION FOR RECONSIDERATION -- 1**

1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

By Order filed April 8, 2025, the Court dismissed this action as premature under *Younger v. Harris,* 401 U.S. 37, 41, 45 (1971). It is not clear from Petitioner's submissions whether he received a copy of the Court's prior Order to Show Cause why this action should not be dismissed as premature, ECF No. 8. *See* ECF No. 17. None of his attached notices reference the Order to Show Cause. ECF No. 17-1. Regardless, after careful review of Petitioner's Motion, ECF No. 17, the Court finds that Petitioner has still not presented facts demonstrating that he is entitled to federal intervention at this time. *See Younger,* 401 U.S. at 45.

Petitioner asserts that he "was kept past his release date because the jails didn't send his jail time credits for which he spoke to his attorney for a month and a half everyday on the phone about." ECF No. 17 at 1–2. He accuses this Court of failing to provide him a video hearing, although he provides no authority entitling him to a video hearing and he does not state what such a hearing would accomplish. *Id.* at 2. This Court has no authority to direct the actions of state courts in the performance of their duties. *Clark v. State of Washington*, 366 F.2d 678, 681-82 (9th Cir. 1966) (holding that "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties").

Petitioner asserts that he was denied access to the court, subjected to

**ORDER DENYING MOTION FOR RECONSIDERATION -- 2**

malicious prosecution, and denied his case file to adequately exhaust his state court remedies. *Id.* In any event, the failure to fully exhaust state court remedies concerning his challenged conviction would preclude a federal habeas court from granting Petitioner relief. *See* 28 U.S.C. § 2254(b)(1)(A).

In this instance, Petitioner has not presented newly discovered evidence. *See Sch. Dist. No. IJ*, 5 F.3d at 1263. Petitioner has not shown that the Court committed clear error or that the dismissal Order was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration. *Id.*

Accordingly, **IT IS ORDERED:**

1. Petitioner's Motion for Reconsideration, ECF No. 17, is **DENIED.**

2. The file shall remain **closed.**

3. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner at his last known address and **close** the file.

**DATED** this 19th day of May 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION -- 3**